IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMARR L. KELLAM | : | CIVIL ACTION |
| | : | NO. 14-7029 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

O'NEILL, J.  January 13, 2016

### MEMORANDUM

Plaintiff Jamarr L. Kellam, proceeding pro se, has sued defendants David Perry, Kenneth Wilson, Amy Kurland, Nancy Radaszkiewicz, Charles Figorski and the City of Philadelphia alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.  Now before me are defendants' motion to dismiss (Dkt. No. 7) and plaintiff's response (Dkt. No. 9).  For the following reasons, I will grant defendants' motion to dismiss.

### BACKGROUND

Plaintiff alleges that he was employed as a laborer for the City of Philadelphia Streets Department for over three years, during which time he applied for a firefighter job with the City. Dkt. No. 3 at ECF p. 13 ¶¶ 1-2.  The background check for the firefighter position allegedly turned up an outstanding arrest warrant in Colorado for a Jamar Singleton and City employees attributed the warrant to plaintiff.  Id. at ECF p. 13 ¶ 3, ECF p. 19.  Plaintiff claims that he was unable to clear up the outstanding warrant and that on August 19, 2013 he was forced to choose between resigning and being terminated.  Id. at ECF p. 13 ¶¶ 5-6, ECF p. 20.  He alleges that when he involuntarily resigned that day, he was "told by his Union President and Human Resources manager that he could be reinstated within a year once he cleared his name of the warrant."  Id. at ECF p.13 ¶ 7.

Plaintiff alleges that he contacted his union president on September 15, 2014 and reapplied for his previously held position. Id. at ECF p. 21. However, plaintiff maintains that he has not been reinstated and his former employer "has not provided any information to show willful misconduct or that the claimant was involved with the incident that caused the separation." Id. at ECF p. 13 ¶ 9.

Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission on October 6, 2014, identifying his race as "Black or African-American" and alleging race discrimination and retaliation on that basis. Id. at ECF p. 16-17. On October 15, 2014, the EEOC sent plaintiff a Right to Sue notice, closing its file on plaintiff's case because he had not filed his charge within the required time limit. Id. at ECF p. 14.

Plaintiff filed his complaint on December 17, 2014. Plaintiff alleges that he was terminated for having an arrest warrant attributed to him although the Human Resources department knows about "hundreds of employees who work within the City of Philadelphia of European descent that have lengthy criminal records and arrests records, as well as warrants in surrounding states." Id. at ECF p. 21. Further, plaintiff claims that he is still qualified to work for the City and "should have been allowed to continue to work" while he handled the outstanding warrant. Id. at ECF p. 2 ¶¶ 21-22.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

2

of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). This "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556. The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

Plaintiff claims race discrimination and retaliation under Title VII.[1] The individually named defendants argue that they cannot be held liable under Title VII because they are not employers. All defendants argue that plaintiff's claims must be dismissed because he filed his charge of discrimination with the EEOC too late. For the following reasons, I will dismiss plaintiff's claims.

Title VII only provides a cause of action against a plaintiff's employer; individual employees may not be sued. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002), citing Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996) (en banc). Thus, plaintiff's claims against individual defendants David Perry, Kenneth Wilson, Amy Kurland, Nancy Radaszkiewicz and Charles Figorski will be dismissed with prejudice.

A plaintiff seeking recovery under Title VII must first exhaust his or her administrative remedies by filing a timely charge of an unlawful employment practice with the EEOC within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 200e-5(e)(1).

---

[1] Because this plaintiff is proceeding pro se, I "must liberally construe his pleadings, and . . . apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). "[H]owever inartfully pleaded," pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff does not claim anywhere in his filings that he was fired in retaliation for any action opposing discrimination. See Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006), as amended (Sept. 13, 2006) ("To establish a prima facie case of retaliation under Title VII, a plaintiff must tender evidence that: '(1) she engaged in activity protected by Title VII [such as participating in Title VII proceedings or opposing discrimination]; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action.'") (citation omitted).

Additionally, plaintiff's response to defendants' motion includes a reference to a disparate impact claim, citing Griggs v. Duke Power Co., 401 U.S. 424 (1971). However, plaintiff has not alleged a discriminatory employment practice that disparately impacts African-American workers but has instead alleged individual discrimination against him and compared his treatment to that of co-workers "of European descent." Dkt. No. 3 at ECF p. 21.

The time limit to file is extended to 300 days for claims that are filed with a state or local agency first.  Id.

Plaintiff alleges that he involuntarily resigned from his position with the City on August 19, 2013 and filed his charge with the EEOC on October 6, 2014, 413 days later.  Plaintiff contends that he re-applied for a position with the City in September 2014 and that he has not yet been re-hired.  Although the City has not yet re-hired plaintiff to his former position, plaintiff does not claim that the City has rejected him from any positions to which he has applied since he involuntarily resigned on August 19, 2013.  Plaintiff did not file with any state or local agencies before pursuing a charge with the EEOC, so the 180-day time limit applies.  It is plain from the face of plaintiff's complaint and his attached EEOC documentation that plaintiff did not file his charge in time.[2]

"[A] timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).  Thus, equitable tolling may stop a statute of limitations from running to "prevent unnecessarily harsh results in particular cases."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).  However, equitable tolling is an extraordinary remedy to be applied sparingly.  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 90 (1990).  The Court of Appeals has

---

[2] I may consider a "document integral to or explicitly relied upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted).  This includes plaintiff's EEOC charge and intake questionnaire.  See Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000) (considering a plaintiff's "EEOC charge and related EEOC documents, including . . . the right to sue letter, and the intake questionnaire, either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record, without converting this motion to one [for] summary judgment").

instructed that equitable tolling may apply: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Id., citing Sch. Dist. of City of Allentown v. Marshall, 657 F.2d 16, 19-20 (3d Cir. 1981).

Although plaintiff does not discuss equitable tolling in his complaint, plaintiff's late filing with the EEOC may be excused if his complaint alleges facts that meet any of the situations in which equitable tolling is appropriate. However, plaintiff has not claimed the City misled him, actively or otherwise, about filing with the EEOC.[3] The only potentially "extraordinary" circumstance in this case is plaintiff's pro se status, which is insufficient to support equitably tolling a statute of limitations.[4] See Hedges v. United States, 404 F.3d 744, 752 (3d Cir. 2005) (finding the plaintiff's pro se status, coupled with his severe depression, insufficient to merit equitable tolling as an extraordinary situation preventing him from asserting his rights). Finally, plaintiff has not asserted his claims in an improper forum. Because plaintiff has failed to plead facts supporting any basis for equitably tolling the statute of limitations on his Title VII claims, his claims will be dismissed.

---

[3] Plaintiff alleges in his response to defendants' motion that after he involuntarily resigned he "went to file with [the] EEOC, but was told that because his [union] represented him that they could not handle the case." Dkt. No. 9 at ¶ 16. He alleges that he went to file with the EEOC "once union representation didn't request employment reinstatement" after he re-applied for a job with the City. Id. at ¶ 19. Plaintiff does not plead that the City — the relevant party here — at any point attempted to discourage plaintiff from filing an EEOC charge or that the City discussed the EEOC with him at any time. Additionally, these facts do not appear in plaintiff's complaint.

[4] Even assuming as true that someone from the EEOC informed plaintiff that he could not file while he was represented by his union, the Court of Appeals has found that one conversation with an EEO counselor "does not rise to the level of being prevented in an 'extraordinary way' by the EEOC from asserting [a plaintiff's] rights." Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir. 1997).

Courts "should freely grant leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a). However, if "the complaint, as amended, would fail to state a claim upon which relief could be granted" then granting leave to amend would be futile. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Plaintiff may not re-assert his claims against the individually named defendants because they cannot be held liable under Title VII. On plaintiff's remaining Title VII claims against the City, his existing complaint does not support equitably tolling the statute of limitations. Nevertheless, given that plaintiff is proceeding pro se, plaintiff will be permitted to amend his complaint to explain why equitable tolling should apply despite his late filing to the EEOC.

An appropriate Order follows.